UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRIS J. CRITOPH,

                              Plaintiff,

                                                           Case # 15-CV-504-FPG

v.

                                                             DECISION & ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                            Defendant.

## INTRODUCTION

Plaintiff Chris J. Critoph ("Plaintiff") brings this action to challenge the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1. The Court has jurisdiction over this matter under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 10, 12. For the reasons stated below, Plaintiff's motion (ECF No. 10) is GRANTED, the Commissioner's motion (ECF No. 12) is DENIED, and this matter is REMANDED for further administrative proceedings.[1]

## BACKGROUND

On August 22, 2012, Plaintiff protectively filed an application for SSI under the Act. Tr.[2] 14. Plaintiff alleges disability since August 22, 2012 due to depression, anxiety, impulse control disorder, mood disorder, arthritis, migraines, a herniated disc, learning disability, and

---

[1]     Plaintiff also filed a motion to remand this case for consideration of new evidence. ECF No. 17. Because remand is warranted on the basis of Plaintiff's motion for judgment on the pleadings, Plaintiff's motion to consider new evidence is moot.

[2]     References to "Tr." are to the administrative record in this matter.

back pain.  Tr. 146, 200.  After Plaintiff's application was denied at the initial level, a hearing

was held before Administrative Law Judge Robert T. Harvey ("the ALJ") on January 16, 2014.

Tr. 29-56.  At the hearing, Plaintiff appeared with his attorney and testified.  *Id.*  Josiah Pearson,

a vocational expert ("the VE"), also testified.  *Id.*  On March 25, 2014, after considering

Plaintiff's application *de novo*, the ALJ issued a decision finding that Plaintiff is not disabled

within the meaning of the Act.  Tr. 14-25.  That decision became the final decision of the

Commissioner when the Appeals Council denied Plaintiff's request for review on May 29, 2015.

Tr. 1-4.  Plaintiff then filed this civil action.  ECF No. 1.

## LEGAL STANDARDS

### I.        Disability Determination

The Act defines "disability" as "the inability to do any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less

than 12 months."  42 U.S.C. § 423(d).  Social Security Administration ("SSA") regulations

outline the five-step process used to determine whether a claimant is "disabled" under the Act.

20 C.F.R. § 416.920.

First, the ALJ must determine whether the claimant is engaged in any substantial gainful

work activity.  20 C.F.R. § 416.920(a)(4)(i).  If so, the claimant is not disabled.  *Id.*  If not, the

ALJ proceeds to step two and determines whether the claimant has a "severe" impairment or

combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant does not have a

severe impairment or combination of impairments, the claimant is not disabled.  *Id.*  If the

claimant does, the analysis proceeds to step three.

At step three, the ALJ must determine whether the claimant has an impairment (or combination of impairments) that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("the Listings"). If the impairment does meet or equal a condition in the Listings and the durational requirement (20 C.F.R. § 416.909) is satisfied, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If it does not, the ALJ will make a finding regarding the claimant's residual functional capacity ("RFC"), which is an assessment of what the claimant can still do despite his or her limitations. 20 C.F.R. § 416.945(a)(1). The RFC is then used at steps four and five. 20 C.F.R. § 416.920(a)(4).

The fourth inquiry is whether, given the claimant's RFC, the claimant can still perform his or her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can perform his or her past relevant work, the claimant is not disabled. *Id.* If he or she cannot, the ALJ proceeds to step five.

At the fifth and final step, the ALJ must consider the claimant's RFC as well as his or her age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the claimant cannot make that adjustment, then the claimant is disabled. *Id.*

The burden of proving the first four elements is on the claimant, and the burden of proving the fifth element is on the Commissioner. *Bush v. Shalala*, 94 F.3d 40, 44-45 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## II.     District Court Review

District Court review of the Commissioner's decision is not *de novo*. *See, e.g.*, *Richardson v. Barnhart*, 443 F. Supp. 2d 411, 416 (W.D.N.Y. 2006) (quoting *Melville v. Apfel*,

198 F.3d 45, 52 (2d Cir. 1999)).  The Commissioner's decision may only be set aside if it is not

supported by "substantial evidence" or is the product of legal error.  *See, e.g.*, *Miller v. Colvin*,

85 F. Supp. 3d 742, 749 (W.D.N.Y. 2015); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008)

(quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).  Substantial evidence means "more

than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362

F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

**I.     The ALJ's Decision**

In this case, the ALJ analyzed Plaintiff's claim for benefits under the process described

above.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity

since August 22, 2012, his alleged onset date.  Tr. 16.  At step two, the ALJ found that Plaintiff

has the following severe impairments: "learning disorder, headaches, discogenic cervical and

lumbar spine, anxiety and depression."  Tr. 16.  At step three, the ALJ found that Plaintiff does

not have an impairment or combination of impairments that meets or medically equals a Listings

impairment.  Tr. 17.

The ALJ then determined that Plaintiff has the RFC to perform sedentary work[3] but with

some additional limitations.  Tr. 18.  Specifically, the ALJ found that Plaintiff: should not work

in an area with unprotected heights or around heavy, moving or dangerous machinery; should not

climb ladders, scaffolds or ropes; has occasional limitations for bending, climbing stairs or

ramps, stooping, squatting, kneeling or balancing; should not crawl; has occasional limitations in

---

[3]     "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

his ability to reach in all directions, push, or pull with his upper extremities; has occasional limitation in his ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, or respond appropriately to changes in work setting; has occasional limitations in his ability to interact appropriately with the general public or in his ability to make decisions; and has an occasional limitation in his ability to deal with stress. *Id.*

At step four the ALJ found that Plaintiff, who was 29 years old on the date his application was filed, does not have any past relevant work. Tr. 24.

At step five, the ALJ relied on testimony from the VE and found that given Plaintiff's age, education, work experience, and RFC, Plaintiff could make an adjustment to other work. Tr. 24-25. Specifically, the VE testified (and the ALJ found) that Plaintiff could perform the requirements of an addresser and a surveillance system monitor. *Id.* Accordingly, the ALJ found that Plaintiff is not disabled under the Act. *Id.*

## II.     Plaintiff's Challenge to the Commissioner's Decision

Plaintiff argues that remand is warranted because the ALJ failed to assess Plaintiff's credibility in accordance with the relevant legal standard.[4] The Court agrees.

The ALJ must consider all of the claimant's statements about his or her symptoms and how those symptoms affect his or her activities of daily living and ability to work. 20 C.F.R. § 416.929. At the same time, however, a claimant's statements about his or her symptoms will not alone establish that the claimant is disabled. *Id.* Thus, when considering a claimant's alleged symptoms and their effect on the claimant's ability to work, the ALJ must follow a two-step process.

---

[4]     Plaintiff also advances other arguments that he believes warrant reversal of the Commissioner's decision, both in his motion for judgment on the pleadings and his motion to consider new evidence. ECF Nos. 10, 17. Because remand is warranted solely on the basis of the ALJ's erroneous credibility determination, these arguments need not be reached.

First, the ALJ must consider whether the medical evidence shows any impairment that "could reasonably be expected to produce the pain or other symptoms alleged[.]"  20 C.F.R. § 416.929(a); SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

Second, if such an impairment is shown, the ALJ must evaluate the "intensity, persistence, or functionally limiting effects" of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work.  20 C.F.R. § 416.929(b); SSR 96-7p, 1996 WL 374186, at *2.

When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures the claimant has taken to relieve symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to symptoms.  20 C.F.R. §§ 416.929(c)(3)(i)-(vii); SSR 96-7p, 1996 WL 374186, at *2.

The ALJ's credibility findings "must be set forth with sufficient specificity to permit intelligible plenary review of the record."  *Phelps v. Colvin*, 20 F. Supp. 3d 392, 403 (W.D.N.Y. 2014) (internal quotation marks and citation omitted).  Social Security Ruling 96-7p warns that:

> It is not sufficient for the [ALJ] to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the [ALJ] simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *2.

Here, the ALJ's credibility determination is conclusory and insufficient. After summarizing Plaintiff's testimony,[5] the ALJ provided the following explanation regarding Plaintiff's credibility:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, and that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are credible, but not to the extent alleged based on the medical evidence.

Tr. 23. The ALJ also stated that "[i]n terms of the claimant's alleged headaches, neck and back pain, the undersigned finds the claimant's headaches, neck and back pain do not occur with such frequency, intensity of duration as to prevent the claimant from performing sedentary work as outlined in [the RFC finding] above." Tr. 24.

The Commissioner attempts to provide support for the ALJ's conclusion that Plaintiff's statements were not fully credible. ECF No. 12-1, at 21-23. However, it is well-settled that "[a] reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)) (internal quotation marks omitted). The ALJ failed to consider any of the factors set forth in 20 C.F.R. § 416.929 and SSR 96-7p or provide any specific explanation as to why he did not find Plaintiff's statements concerning the limiting effects of his symptoms credible. Therefore, remand is warranted.

---

[5] At one point, the ALJ describes Plaintiff's testimony as "cross-examination." Tr. 23. However, Social Security hearings are not meant to be adversarial in nature. *See, e.g.*, *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508 (2d Cir. 2009).

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED.  This matter is REMANDED for further administrative proceedings in accordance with this decision.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 13, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court